NICKOLS *v.* RAGSDALE.

CONTESTED ELECTION.—GROUNDS OF CONTEST.—The grounds of contest filed in a proceeding to contest an election for sheriff stated that the contestor received 1,716 votes for said office, and the contestee 1,719 votes; that illegal votes were cast for the contestee in eight townships of the county, and that but for said illegal votes the contestor would have been elected, &c.

*Held*, that as illegal votes were alleged to have been cast for the contestee in eight townships, the number of such could not have been less than eight, and as these taken from the vote of the contestee would show the contestor entitled to the office, the grounds of contest were well stated.

APPEAL from the *Gibson* Common Pleas.

RAY, J.—The appellant filed with the county auditor, within ten days after the appellee had been declared elected sheriff of *Gibson* county, a statement specifying the grounds of contest of said election, verified by his affidavit. On the hearing before the commissioners, a motion to dismiss the proceedings was sustained, and upon appeal to the Circuit Court, the appellee successfully renewed the motion.

It is insisted in this court that the statement was not sufficient, because while it disclosed the fact that the ground of contest was that the appellee had received illegal votes, it did not appear that the number of such illegal votes would, upon being taken from the total number of votes

cast for said appellee, "reduce the number of his legal votes below the number given to some other person." 1 G. & H. § 15, p. 318. The averment is that the appellee "received 1,719 votes, and that one *Kirkman* received 1,716 votes." It is also alleged that said "*Kirkman* is entitled to be declared elected to said office, and would have been but for the fraudulent and illegal votes cast at said election for said *James M. Ragsdale*, in this to-wit: that divers persons, whose names are to the contestor unknown, who were not qualified voters of said county, and not entitled to vote at said election for said office of sheriff, did, on the day of said election, in the townships of *Parker*, *White River*, *Washington*, *Wabash*, *Montgomery*, *Johnson*, *Barton* and *Columbia*, cast illegal votes for the said *James M. Ragsdale* for the office of sheriff of said county. And the contestor further says, that had said illegal votes not been given for said *James M. Ragsdale*, the said *Joseph J. Kirkman* would have been duly elected sheriff of said county."

We think the averment that *Kirkman* received 1,716 votes, is in effect an allegation that he received that number of legal votes, it appearing that they were cast at a legal election, and received and counted as legal votes by the proper officers, and no question as to their legality being presented by the statement. As there were but three more votes counted for appellee than were received by *Kirkman*, and it is averred that illegal votes were cast for the appellee in eight townships, it sufficiently appears that the illegal votes so received would, upon being taken from the appellee, have reduced the number of votes received by him below the number received by *Kirkman*.

As this is the only ground urged by the appellee in support of the ruling of the court below, and as we think that ruling erroneous, the judgment will be reversed, with costs, and the cause remanded, with directions to overrule the motion to dismiss the proceedings.

*A. C. Donald* and *W. M. Land*, for appellant.

*C. Denby* and *O. M. Welborn*, for appellee.