Harris *et al.* v. Millege *et al.*

---

HARRIS ET AL. *v.* MILLEGE ET AL.

[No. 18,370. Filed June 29, 1898.]

TOWNS.—*Incorporation.*— *Elections.*—*Remonstrants.* — *When Proper Parties to an Appeal.*—Where persons appeared before the county commissioners and moved to dismiss the proceedings in an election for the incorporation of a town, such persons were proper parties to an appeal from the action of the board of commissioners in overruling such motion although no affidavit was filed by them showing that they had an interest in the matter decided, and that they were aggrieved thereby, where it appeared from the recital in the motion that they were interested, and entitled to become parties. *pp. 71-73.*

SAME.—*Incorporation.*—*Appeal.*—*Practice.*—In an appeal to the circuit court from the action of the board of county commissioners in overruling a motion to dismiss proceedings filed before such board in the incorporation of a town, the court erred in dismissing the appeal on the ground that no remonstrance or other pleading was presented by the transcript, where it appeared that a *nunc pro tunc* entry was made showing the filing of the motion before the board to dismiss and the entry certified to the circuit court. *p. 73.*

DISMISSAL.—*Practice.*—*Harmless Error.*—The fact that an appeal from the board of county commissioners to the circuit court could not have succeeded would not render the dismissal thereof harmless error. *pp. 73, 74.*

COUNTY COMMISSIONERS. — *Appeals.* — *Amendment of Pleadings.* — Issues raised before the board of county commissioners in proceedings for the incorporation of towns are amendable on appeal to the circuit court. *pp. 73, 74.*

SAME.—*Appeals.—Bond.*—Pending a motion to dismiss a cause appealed from the board of county commissioners to the circuit court a new bond may be filed and approved by the court. *p. 74.*

SAME.—*Appeals.—Bond.*—The appellee in a cause appealed from the board of county commissioners to the circuit court has the right to a bond with sureties, and is entitled to a dismissal of the appeal if such bond is not filed. *p. 74.*

From the Allen Circuit Court. *Affirmed.*

*Zollars & Worden,* for appellants.

*Walpole G. Colerick,* for appellees.

HACKNEY, C. J.—This was a proceeding instituted by the appellees for the incorporation of certain territory as the town of Shirley City. It is conceded that all the steps were regular up to the election to determine whether a majority of the voters within the territory favored the incorporation. An election was held, and the inspectors reported the result to the next session of the commissioners, upon which report the evidence was heard, and thereupon, but before the final order of incorporation, the appellants came before the board and filed a motion reciting that they were qualified electors within said territory, and moved "to dismiss all proceedings in said cause, and reject the reports of election herein," for numerous reasons stated. This motion was overruled, and the appellants appealed to the circuit court under section 7859, Burns' R. S. 1894, but without an affidavit "setting forth an interest in the matter decided," and that they were "aggrieved by such decision." In the circuit court, on the motion of the appellees, the appeal from the board was dismissed. One question presented by the record is as to whether an affidavit was necessary to support the appeal to the circuit

court. Under the statute last cited one not a party to the proceedings is given the right of appeal only upon the condition that he file "his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest." It appears from the recital in the motion of the appellants to dismiss the proceedings, that they were interested and entitled to become parties to the proceeding. There is no provision of the statute under which incorporations are had, section 4314 *et seq.*, Burns' R. S. 1894, expressly authorizing an appearance and opposition by one interested in the proceedings at any step. It is provided, however, that upon the making of returns by the election inspectors to the board of commissioners, the board, "if satisfied of the legality of such election, shall make an order declaring that said town has been incorporated." If the right exists to appear and oppose the proceedings after the election, and thereby become a party, it must be by implication arising from the provision just quoted.

We incline to the view that the duty to be satisfied of the legality of the election at least implies the duty to hear objections against its legality. This would certainly carry with it the right of one interested to intervene, and challenge the legality of the election. A person interested and having that right, appearing unconditionally, and not merely as *amicus curiae*, would become a party. Such intervention should be timely to merit recognition from the board, but here no question was made as to the time of appearance, and the board instead of rejecting or ignoring the motion, entertained the same, and passed upon it. The numerous cases arising under this statute which have found their way into this court, attest

the rule of practice in admitting persons as parties opposed to the petition.

Another reason assigned for the dismissal of the appeal was that the transcript disclosed no remonstrance or other pleading by which any issue was tendered for hearing by the board, and therefore no issue was presented upon appeal. After the filing of the motion to dismiss the appeal, and before the same was passed upon, proceedings were had before the board by which an entry, *nunc pro tunc*, was made showing the filing of the motion before the board to dismiss the proceedings, and that entry was certified to the circuit court. The motion to dismiss the proceedings we regard as an appearance, and it raised an issue as to the validity of the election. The efficacy of that issue, or the sufficiency of any of the objections to the election, or as to whether the entire proceedings should have been dismissed as prayed, are not questions upon which the trial court could have acted in dismissing the appeal. Such questions should have been tested upon the merits of the objections raised, and not by a dismissal which precluded an inquiry as to the sufficiency of any issue tendered against the legality of the election.

Appellants' learned counsel insist that, upon the authority of the *Indianapolis, etc., Co.* v. *Hood,* 130 Ind. 594, the dismissal reached the correct result, and is not made erroneous by having been reached by a wrong method. That was held upon the theory that the appellants were not harmed. It cannot be said in this case that the appellants were not harmed by the failure of the court to hear their objections to the validity of the election. They were entitled to a hearing, and it could not be said that because they could not have succeeded they could properly be denied a hearing. Issues raised before the board were amend-

able on appeal and appellants were entitled to a ruling on their motion. *Fletcher* v. *Crist,* 139 Ind. 121; *Hardesty* v. *Hine,* 135 Ind. 72; *Stockwell* v. *Brant,* 97 Ind. 474; *Burns* v. *Simmons,* 101 Ind. 557; *Green* v. *Elliott,* 86 Ind. 53; *Hedrick* v. *Hedrick,* 55 Ind. 78.

Still another reason assigned by the appellees for the dismissal of the appeal by the circuit court was that the appeal bond was insufficient. Pending the motion, the appellants filed and the court entertained and approved a new bond. This was proper, and was intended to cure any informality or other objection to the original bond. Section 1307, Burns' R. S. 1894, (1283, R. S. 1881); *Bennett* v. *Seibert,* 10 Ind. App. 369; *Graeter* v. *DeWolf,* 112 Ind. 1. It is said, however, that the new bond was insufficient because it contained no sureties. It was signed alone by the appellants, and did not purport to contain sureties. This, it has been held, is not a compliance with the statute granting appeals, upon filing bond with surety, and is cause for dismissal. *McVey* v. *Heavenridge,* 30 Ind. 101. We do not regard section 1235, Burns' R. S. 1894 as to the validity of informal bonds as bearing upon the sufficiency of the bond in question. While perhaps true that the trial court should not have approved the bond, and could not consistently have dismissed the appeal for the insufficiency of the bond, yet it was the right of the appellees to have a bond with sureties, and to have a dismissal if such bond was not filed. The action of the court in dismissing the appeal was correct, although it may have been reached in an irregular manner. The judgment is affirmed.