## HALL v. CAMPBELL.

[No. 20,102.    Filed November 17, 1903.]

PLEADING.—*Election Contests.—Motion to Dismiss.—Demurrer.—Harmless Error.*—Even if the only method of questioning the sufficiency of specifications in a petition to contest an election were by demurrer, available error can not be predicated upon the action of the court in sustaining a motion to dismiss the petition, if the right result was reached. *p. 407.*

ELECTIONS.—*Contests.—Complaint.*—A petition to contest an election charging that there were certain legal ballots cast for plaintiff which were not counted, and certain ballots cast for defendant that were so marked and mutilated as to render them void, is insufficient, where it is not alleged that the illegal ballots counted for defendant, or the legal ballots not counted for plaintiff were protested, preserved, and returned to the clerk of the circuit court. *pp. 407-411.*

From Monroe Circuit Court; *J. B. Wilson*, Judge.

Election contest by Edward F. Hall against Joseph H. Campbell. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*Edwin Corr, J. R. East* and *R. H. East,* for appellant.
*H. C. Duncan, I. C. Batman, R. G. Miller, A. M. Hadley* and *J. E. Henley,* for appellee.

Gillett, J.—Appellant instituted this proceeding, as an elector, before the board of commissioners of the county of Monroe, to contest the election of appellee to the office of clerk of said county. Appellant was defeated before said board, and appealed to the court below. In said court appellee filed a motion to dismiss each of the assignments of grounds of contest for the reason that none of the specifications thereof stated facts sufficient for a contest. The record shows that the court sustained the motion, and that it dismissed the proceeding.

Although not mentioned in the statement of points in appellant's brief, his counsel suggest in argument that the motion, if well based, should have assigned as a reason therefor that the petition failed to state a cause of action. If the right result was reached in disposing of the specifications which constituted the grounds of contest, it is not available error, even if the only method of questioning the sufficiency of said specifications were by demurrer. *Wray* v. *Fry,* 158 Ind. 92.

The above point settled, we are brought to the remaining claim of ground of reversal—that the statement, in at least some one of its specifications, stated sufficient facts upon which to base a contest. So far as material to exhibit the point on which the case must turn, it may be stated that the first specification of the statement alleges, in substance, that appellant and appellee-were the opposing candidates for the office of clerk of Monroe county at the last general election; that a canvass of the vote for said office by the county board of canvassers showed, and that said board certified, that appellee had received

2,320 votes, and that appellant had received 2,296 votes; that in many of the precincts of said county, naming them, there were certain illegal ballots cast that were counted for appellee, and that certain legal ballots were cast for appellant in certain of said precincts, naming them, that were not counted for appellant, the averments generally as to said alleged illegal ballots being that they were so marked, mutilated, or defective as to render them, and each of them, void, and that said alleged legal ballots were not counted for appellant on the ground that they were marked, mutilated, or defective, although they were not so marked, mutilated, or defective as to render them, or any of them, void. It is further alleged in said specification "that there were protested and preserved in the twenty-six voting precincts of Monroe county from 100 to 200 local ballots, all of which were sealed up and returned to the office of the clerk of the Monroe Circuit Court, as required by law, and have been preserved so sealed to this date." The second specification of said statement is as follows: "And this contestor states that he contests the election of said contestee on account of the illegal ballots counted for said Campbell, and each of them, as set forth specifically above, in the different precincts of Monroe county, and for the failure and refusal of the board of election judges in the different precincts to count the legal votes cast for the said contestor, and each of them, as specifically set forth above; and he alleges that had said illegal votes not been counted, this contestor would have received a plurality of the votes cast for the office of clerk of the Monroe Circuit Court; and he further states that had said legal votes been counted for him as cast he would have received a plurality of the votes cast for said office. He further states that the package purporting to contain the protested or disputed ballots are, some of them, marked on the outside, giving the number of such ballots, while some of them are not so

marked, and some state that 'all' are protested, and therefore he is unable to give the exact number of said ballots."

It is objected, *inter alia,* by counsel for appellee that it is not charged in either specification that the illegal ballots counted for appellee, or the legal ballots not counted for appellant, were protested, and it is further objected that it is not alleged that any of said ballots were preserved and returned to the clerk of the circuit court. In *Weakley* v. *Wolf,* 148 Ind. 208, it was said by this court, speaking by Howard, J.: "The intention of the law is here clearly manifested, as we think. It is, that all undisputed, unprotested ballots shall be destroyed before the adjournment of the election board. The words relating to their destruction are most emphatic, that they shall be destroyed 'by totally consuming by fire,' as if it were the determination of the lawmaking body that no vestige whatever of such ballots or of their appearance should by any possibility be left, but that the record of them made by the election board should be conclusive as to their legal form and as to the candidates for whom they had been voted and counted. As to protested ballots, however, the very best evidence is provided by the legislature to show both for whom they were voted and what were the mutilations or distinguishing marks, if any, upon them; and that evidence is the ballots themselves. As the judge of the trial court well said, if it had been the intention of the legislature that any evidence should ever be given as to those ballots which had been counted without protest from any member of the election board, it would never have been provided that such ballots, showing on their face, and without the possibility of a doubt, how they had been voted and what marks, if any, were upon them, should be destroyed." In *Tombaugh* v. *Grogg,* 156 Ind. 355, there was a determination as to what amounted to a protest of a ballot, but there is not found in that case any recognition of the view that parol evidence as to the char-

acter of ballots destroyed by the election boards can be substituted for the evidence of the ballots themselves. We regard it as settled that, whatever may be the mistakes of election boards in counting or rejecting voted ballots, there can be no correction of such mistakes if such ballots have been destroyed as stated.

We have before us a case in which the grounds of contest rest wholly upon the claims that there were certain legal ballots that were cast for appellant which were not counted, and that there were certain ballots counted for appellee that were so marked, mutilated, or defective as to render them void. All of this could make no difference if the ballots on which the contest rests were destroyed by the election boards pursuant to law. It is contended by appellant's counsel in their reply brief that this point is covered by averment, but we deem it plain that the protested and preserved ballots referred to in the statement of the grounds of contest are in nowise identified as the ballots the counting or rejection of which is made the basis of this proceeding.

It but remains to determine whether a statement of contest should show that the contested ballots were protested. The so-called Australian ballot law did not operate to repeal the provisions of statute theretofore existing relative to a contest, but, as we have seen above, the act mentioned narrowed the right of contest so as to exclude grounds of contest relative to destroyed ballots. As the law now stands, every fact averred in appellant's specifications might be admitted by appellee, and there would still be lacking a sufficient reason for overthrowing the result that was had before the board of canvassers.

Of actions at common law, Mr. Chitty says: "The declaration must allege all of the circumstances necessary for the support of the action." 1 Chitty, Pleading, *255. So it has been said that, where any fact is necessary to be proved on the trial in order to sustain the plaintiff's

right of recovery, the declaration must contain an aver-
ment, substantially, of such fact, in order to let in the
proof *(United States Bank* v. *Smith,* 11 Wheat. 172, 6
L. Ed. 443), and, also, that a declaration is good if it
contains all that would be necessary for the plaintiff to
prove under the plea of the general issue. *Beardsley* v.
*Southmayd,* 14 N. J. L. 534. The general doctrine of
these authorities has been applied to an election contest.
*Loomis* v. *Jackson,* 6 W. Va. 613, 673. And see *Borders*
v. *Williams,* 155 Ind. 36.

While it might perhaps be held, in view of the case
of *Nickols* v. *Ragsdale,* 28 Ind. 131, that a statement of
the grounds of contest in somewhat general terms would
suffice, yet it is not sufficient if the statement omits an
allegation concerning a matter of fact the existence of
which is essential to a successful contest. We deem it
clear that both of appellant's specifications of grounds of
contest were insufficient for the reason stated.

We entertain some doubt as to the propriety of dismiss-
ing such a contest as this if the contestor, upon the quash-
ing of his grounds of contest, interposes a motion to amend,
by averring facts as to the protesting of the ballots on
which the contest is based; but, as no such motion was
made in this case, an order of dismissal properly followed
the adjudication that the grounds of contest were insuf-
ficient.

Judgment affirmed.