Strebin v. Lavengood.

---

## STREBIN ET AL. v. LAVENGOOD ET AL.

[No. 20,216. Filed June 21, 1904. Rehearing denied November 15, 1904.]

PLEADING.—*Motion to Dismiss Appeal.*—*Petition Unverified.*—A motion by taxpayers to dismiss an appeal from a decision of the board of commissioners against the establishment of a free gravel road and to strike from the files the petition and statement of contest, for the reason that the petition was not verified, and that the board had no jurisdiction, and that there was no right to amend, was properly overruled, since any person interested as a citizen or taxpayer may litigate such question before the board, and since the return of the officers of such election and the petition questioning the same were pleadings and the board thereby had jurisdiction, and since the verification of a pleading is not a jurisdictional fact, but is waived if no objection is made, and can be amended at any time upon objection, the petition in this cause being verified upon objection. *pp. 482–484.*

SAME.—*No Affidavit of Interest.*—If a person be a party to a proceeding before a board of county commissioners to contest a gravel road election and he appeal, a motion to dismiss such appeal, on the ground that

Strebin v. Lavengood.

such person had failed to file an affidavit showing interest, should be overruled, as, under §7859 Burns 1901, only persons not parties to the proceeding are required to make such an affidavit. *p. 484.*

PLEADING.—*Final Judgment.*—A motion by taxpayers to dismiss an appeal from a decision of the board of commissioners against the establishment of a free gravel road and to strike from the files the petition and statement of contest on the ground that no final judgment had been rendered by the board, was properly overruled where it was shown that the board had rejected their petition showing that a majority of the votes at an election had been cast in favor of such road, the returns of the officers showing the contrary. *p. 485.*

SAME.—*Defective Transcript.*—Where an appeal was taken by the taxpayers from a decision of the board of commissioners against the establishment of a free gravel road, a motion to dismiss such appeal and to strike from the files the petition and statement of contest for the reason that "the court had no jurisdiction in said appeal, and has no jurisdiction over said cause of action," was properly overruled, even though the transcript certified up by the auditor was defective and all the material papers in the cause had not been delivered to the clerk, since a proper appeal bond was filed and there was no motion to dismiss on account of any defect in the transcript, and since a failure of the auditor to do his duty can not affect the jurisdiction of the court. *pp. 485, 486.*

SAME.—*Defective Transcript.—Papers Not Certified Up.—Dismissal.*—Where the auditor fails to certify up a complete transcript or to certify up all the papers in a cause on appeal, a motion to dismiss will be sustained unless the appellant takes the proper steps to secure a complete transcript, or to compel the auditor to transmit all of the papers in the cause. *p. 487.*

SAME.—*Complaint to Contest Election.*—Where a petition to contest an election for the establishment of a free gravel road failed to allege that any of the ballots were protested and preserved, it was not subject to demurrer for such failure, since the contest of such election is not governed by the general election law, but is a special statutory procedure governed by its own provisions. *pp. 488, 489.*

NEW TRIAL.—*Admitting Evidence.—Harmless Error.*—In a trial on a contest of an election for the establishment of a free gravel road, it was harmless error to admit in evidence the original petition for the construction of such road and the proceedings of the board in said cause and their order for a special election. *p. 489.*

EVIDENCE.—*Voter's Testimony as to How He Voted.*—In a contest of an election for the establishment of a free gravel road it was not error to permit voters to testify how they voted, where it was shown that the ballots cast were destroyed, §13, article 2 of the Constitution applying only to the elections for public officers and not to a special statutory election as to gravel roads. *p. 490.*

SAME.—*New Evidence on Cross-examination.—Right on Reëxamination.*—Where defendant asked plaintiff's witness on cross-examination con-

cerning certain affidavits witness had made, in order to discredit such witness, which affidavits had not been inquired about on direct examination, the plaintiff may introduce such affidavits in evidence on reëxamination to corroborate such witness. *p. 492.*

TRIAL.—*Instructions.—Invasion of Province of Jury.*—An instruction to the jury that in determining the credibility of the witnesses and the weight to be given their testimony, the jury "should" consider their interest, if any, and their manner and conduct while testifying was not erroneous as an invasion of the province of the jury. *p. 493.*

SAME.—*Instructions.*—Where one allegation in the petition in a contest of an election for the establishment of a free gravel road was that appellants had entered into a conspiracy to refuse representation on the election board to those favoring such road and to count and return the votes falsely, it was not error for the court to instruct that such allegation need not be proved where it was shown that a majority of the legal votes were cast in favor of such road, the gravamen of the petition being that a majority of the voters cast their votes in favor of such road. *pp. 494, 495.*

SAME.—*Instructions.*—Where instructions were given which could not have misled a jury of reasonable men, slight errors contained therein did not constitute reversible error. *pp. 495, 496.*

From Miami Circuit Court; *J. N. Tillett,* Judge.

Jacob S. Lavengood and others filed their petition to contest an election for the establishment of a free gravel road. From a judgment in their favor entered on the verdict of a jury, John A. Strebin and others appeal. *Affirmed.*

*J. T. Cox, Lawrence & Rhoades, Roscoe Kimple* and *W. B. McClintic,* for appellants.

*N. N. Antrim, F. D. Butler, W. C. Bailey* and *C. A. Cole,* for appellees.

MONKS, J.— It appears from the record that appellees were petitioners before the board of commissioners of Miami county for the construction of free gravel roads in Harrison township, in said county, under the act of 1901 (Acts 1901, p. 449), and that such proceedings were had in said cause that the question of building said free gravel roads was submitted to the voters of said township on February 7, 1903, at a special election called for that purpose by said board of commissioners. On February 12, 1903, a statement of the polls and votes cast in the two

election precincts of said township at said special election, showing that 135 votes were cast for building free gravel roads, and 143 votes against building free gravel roads, and that said proposition was defeated, was filed with and presented to said board of commissioners, that body being then in session. At the same time appellees appeared before said board of commissioners and filed a petition and protest in writing against the correctness of the return of the vote made by said election officers, and to contest said election, on the ground that a majority of the votes cast at said election was in favor of the building of said free gravel roads, and not against the building thereof, as shown by said return. The board of commissioners rejected the same, and denied the right of appellees to protest against and contest the correctness of said election returns, but approved said return of the election officers, showing that the proposition for building free gravel roads had been defeated. From this decision and judgment of the board appellees appealed to the court below, and filed their appeal bond, which was approved by the auditor. Afterwards, appellants, taxpayers and voters of said Harrison township, on their application, were made parties defendant to said proceeding in the court below. They filed motions to dismiss the appeal and motions to strike from the files the amended petition of appellees filed in the court below, which motions were made and overruled in the order stated. Appellants' demurrer for want of facts to appellees' amended petition was overruled by the court. Appellants thereupon filed a general denial to said amended petition. A trial by jury resulted in a verdict in favor of appellees, and that a majority of those voting at said special election voted in favor of building said free gravel roads. Over appellants' motion for a new trial and motion in arrest, judgment was rendered in favor of appellees, and the board of commissioners was ordered

to make and enter of record a finding and judgment that a majority of said votes was in favor of building said free gravel roads, and that said board proceed at once to the construction of the same as provided by law.

It is first insisted by appellants that the court below erred in overruling their motions to dismiss the appeal from the board of commissioners, and to strike from the files the amended petition and statement of contest for the following reasons: (1) The petition and statement of contest filed by appellees was not verified, as required by §6314 Burns 1901, and, for want of such verification, the board of commissioners and the court below on appeal had no jurisdiction of said proceeding, and there was no right to amend the petition in the court below. (2) No final judgment or decision was rendered in said proceeding by the board of commissioners when the same was appealed to the court below. (3) No affidavit was filed with the auditor by appellees, showing that they had a right to appeal said proceeding, as required by §7859 Burns 1901, at or before the time the same was appealed by the appellees to the court below. (4) The transcript filed by the auditor in the court below did not contain all the proceedings before the board of commissioners in said gravel road proceeding.

It is settled that any person interested as a taxpayer or otherwise may appear before the board of commissioners and contest the result of a' railroad or gravel road election, or an election for the incorporation of a town, and, if aggrieved by the decision, take an appeal to the circuit court. *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *Harris* v. *Millege* (1898), 151 Ind. 70; *Goddard* v. *Stockman* (1881), 74 Ind. 400.

In *Board, etc.,* v. *Conner, supra,* this court, speaking of gravel road elections and the right to contest the same, quoted with approval the following from *Goddard* v. *Stockman, supra:* "The statute expressly gives to any

Strebin v. Lavengood.

person aggrieved by any decision of the board of county commissioners a right of appeal therefrom to the circuit court. This right is not confined to the formal parties to the procedure, but anyone not a party may show his interest by affidavit and have the appeal. The law for contesting elections is not applicable to elections such as this was, but, nevertheless, there was a practicable way open for making an efficient contest. The law is not, that, if a majority of votes returned be in favor of the appropriation, the board shall grant the prayer of the petition, but, if a majority of the votes cast shall be in favor of such railroad appropriation, the county commissioners, at their regular ensuing June session, shall grant the petition. This means the legal votes cast, and the board has the right to go behind the canvass of the vote and inquire into the truth of the return made; and any individual interested may appear before them and contest the result of the election, and, if aggrieved at the decision of the board, take his appeal to the circuit court."

It is evident under the cases cited that the general law providing for contesting elections has no application to railroad and gravel road elections or elections for the incorporation of towns. The case of *Farlow* v. *Hougham* (1882), 87 Ind. 540, cited by appellants, is, therefore, not in point here. The special election held on February 7, 1903, the return of said election made by the election officers to the board of commissioners, and the petition calling in question the result of said election as reported by said election officers, filed by appellees on February 12, 1903, before said board, were all in said proceeding for the construction of free gravel roads in Harrison township, and a part thereof. Appellees' said petition was a pleading in said cause.

It appears from the record that before the court below overruled appellants' motion to dismiss the appeal and their motion to strike from the files appellees' amended

petition, the same was verified and refiled. It has been uniformly held that, when the statute requires that a pleading in a cause be verified, such requirement is not jurisdictional. 22 Ency. Pl. and Pr., 1017, 1051; *Sutherland* v. *Hankins* (1877), 56 Ind. 343, 356, 357; *Swihart* v. *Shaffer* (1882), 87 Ind. 208, 210; *Lange* v. *Dammier* (1889), 119 Ind. 567, 570, 571, and cases cited. These cases hold that, when the verification of a pleading is required, the want of verification is waived, if such objection is not presented in a proper manner and at a proper time, and that if when the objection is made the pleading is then verified the objection will be overruled. In this case, when appellants moved to dismiss the appeal, and before the motion to strike the amended petition to contest from the files, appellees, by leave of court, verified said amended petition and refiled the same. It is not necessary, therefore, to decide whether or not appellees were required to verify said petition, for the reason that, if required, the verification thereof when objection was made was a sufficient compliance with such requirement. *Lange* v. *Dammier, supra,* and cases cited. That said petition or statement to contest said election filed by appellees before the board was amendable in the court below is well settled. *Harris* v. *Millege, supra,* and cases cited; *Wilcox* v. *City of Tipton* (1896), 143 Ind. 241, 245-247; *Coolman* v. *Fleming* (1882), 82 Ind. 117; *Hedrick* v. *Hedrick* (1876), 55 Ind. 78.

Section 7859 Burns 1901, cited by appellants, requires a person not a party to a proceeding before the board of commissioners to file an affidavit showing his interest, before he can appeal; but as appellees were parties to the proceeding before the board of commissioners, they were not required to comply with said provision. The act under which this proceeding was brought and the election held provides that "if at such election a majority of those voting on said question are in favor of building such road

or roads, the commissioners shall at once proceed to the construction of the same, but not otherwise. \* \* \* That in case the election fails to carry in favor of such improvement the petitioners shall pay all costs occasioned by such election, but if the election shall carry in favor of the improvement, the costs of such election and all expenses incurred prior to the letting of the contract, shall be included as a part of the expense of construction of the road or roads, and be paid for by the entire property of the township or district." §6899 Burns 1901, Acts 1901, p. 449.

It is clear, from the foregoing provision of said act, that when said board of commissioners rejected the petition of appellees disputing the correctness of the result of said election as reported by the election officers, and approved said return, showing that a majority of the votes cast at said election was against the building of said road, this was, in effect, a decision and judgment that the "election had failed to carry in favor of" the proposed improvement, and, as such, it was a final decision, and said proceeding was at an end. When this judgment of the board was rendered, the law fixed the rights and liabilities of the parties to said proceeding. The proceeding before the board of commissioners was *ex parte*, there were no parties adverse to the petitioners, and no judgment for costs was necessary, as all the costs were by statute charged against the petitioners, and were collectible from them by fee bill issued by the auditor to the sheriff. They could pay the cost as the law provides, or be compelled to do so by a fee bill, or they could appeal to the circuit court.

We will next consider the fourth and last reason urged by appellants to sustain their contention that the court erred in overruling their motions to dismiss the appeal and their motions to reject appellees' amended petition. It was not assigned in the motions to dismiss the appeal, nor in the motions to reject appellees' amended petition,

as a cause therefor, that said transcript did not contain all the proceedings of the board of commissioners in said cause, or that the auditor had not delivered all the material papers in said cause to the clerk of the court below. It is true that each of said motions assigned as a cause therefor that "the court had no jurisdiction in said appeal, and has no jurisdiction over said cause of action." It is a well-settled rule that questions not properly presented to the board of commissioners by remonstrance, motion, or otherwise, except such as go to the question of jurisdiction over the subject-matter, can not be raised or tried in the circuit court on appeal. *Steele* v. *Empson* (1895), 142 Ind. 397, 401; *Budd* v. *Reidelbach* (1891), 128 Ind. 145, and cases cited; *Metty* v. *Marsh* (1890), 124 Ind. 18, 24, and cases cited; *Trittipo* v. *Beaver* (1900), 155 Ind. 652, 655, 656; *Makeever* v. *Martindale* (1901), 156 Ind. 655, 657; *Inwood* v. *Smith* (1901), 156 Ind. 687, 690, 691, and cases cited. In this case the question presented to the board of commissioners by appellees' petition as to the number of votes cast at the special election for and against the building of free gravel roads in Harrison township was the only question triable on appeal in the court below. All the proceedings of the board of commissioners on this question were contained in the transcript delivered by the county auditor to the clerk of the court below. All the papers and proceedings of the board relating to the question of the number of votes cast for and against the building of gravel roads in said township— the only question triable on appeal—were before the court below, and the appeal bond was filed with and approved by the county auditor within thirty days after the decision appealed from was made.

Section 7861 Burns 1901 provides: "Within twenty days after the filing of such appeal bond, the auditor shall make out a complete transcript of the proceedings of said board relating to the proceedings appealed from, and shall

deliver the same, and all the papers and documents filed in such proceeding, and the appeal bond, to the clerk of the court to which the appeal is taken." It has been uniformly held that the failure of the auditor to comply with this section will not affect the rights of the appellants. *Board, etc.,* v. *Loeb* (1879), 68 Ind. 29; *Dinton* v. *Thompson* (1894), 136 Ind. 446, 451, and cases cited; *Gumberts* v. *Adams Express Co.* (1867), 28 Ind. 181; *State, ex rel.,* v. *Cressinger* (1883), 88 Ind. 499; *Day* v. *Herod* (1870), 33 Ind. 197; *Barnett* v. *Gilmore* (1870), 33 Ind. 199; *Holman* v. *Robbins* (1892), 5 Ind. App. 436, 438, and cases cited. ·

It was held in *Board, etc.,* v. *Loeb, supra,* that if material papers are not filed in the circuit court on appeal from the board of commissioners, they may be obtained on motion of either party. So in this case, if any of the papers filed before the board of commissioners in said gravel road case were not filed by the auditor in the court below, or if any proceeding of the board of commissioners in said case was not contained in the transcript as required by said §7861, *supra,* either party could on motion have had said auditor file such papers and certify and file such proceedings in the court below. So far as the record shows, no such motion was made by either party, nor, as we have already said, was any mention made in appellants' motions to dismiss the appeal, or in their motions to reject appellees' amended petition, that the transcript filed by the auditor in the court below did not contain all the proceedings of the board of commissioners in said gravel road case, nor was the same referred to in any way in said motions. If said motions, or either of them, had objected to the transcript, or asked to dismiss the appeal for said reason, or if the question had been seasonably presented to the court below, and appellees then failed or neglected to cause such proceedings to be certified and filed, a different question would be presented,

but the record does not show that such objections were made or questions presented in the court below. Such imperfection in the transcript, or failure to file all the material papers on appeal, may furnish grounds for dismissing an appeal, but do not affect the jurisdiction of the court over the subject-matter or the parties. It is clear, under the authorities cited, that the court below had jurisdiction of the subject-matter and the parties, and no error was committed in overruling said motions.

Appellants, to sustain this contention, cite *Shirk* v. *Moore* (1884), 96 Ind. 199, where an appeal from the board of commissioners in a gravel road proceeding was dismissed on a motion assigning as a cause 'that the circuit court had no jurisdiction." But in that case, which was a proceeding commenced before a board of commissioners to construct gravel roads under the act of 1877 (Acts 1877, p. 82, §§5091-5103 R. S. 1881), no appeal bond had been filed with and approved by the auditor within thirty days after the decision appealed from was made, as required by §5773 R. S. 1881, and the transcript delivered by the county auditor to the clerk of the circuit court did not contain all the proceedings of the board of commissioners in said case concerning questions triable on appeal to the circuit court. Furthermore, said auditor did not deliver to said clerk one of the material papers filed in said cause before the board of commissioners, upon which an issue had been made before said board of commissioners, which was a question to be presented to and determined by the circuit court on appeal. As no appeal bond was filed with and approved by the auditor in said case, it is clear that the circuit court had no jurisdiction, and the appeal was properly dismissed for that reason.

Appellants insist that appellees' amended petition filed in the court below was not sufficient to withstand their demurrer for want of facts, because it was not alleged that any of the ballots were protested and preserved. This in-

sistence is based upon the assumption that the general election law (§§6198-6263 Burns 1901) controls in all respects the special election held in this proceeding, and that therefore no inquiry can be made in regard to ballots except as to such as were protested and preserved; citing *Weakley* v. *Wolf* (1897), 148 Ind. 208; *Hall* v. *Campbell* (1903), 161 Ind. 406. No provision is made in any law for the selection of election officers, poll clerks, and watchers for gravel road elections, so that each side of the question submitted to the voters may be represented and have an opportunity to protect its interests as in the election of public officers, and there is nothing in the law to prevent the election officers and poll clerks at such gravel road election being all on one side of the question submitted, as the evidence shows they were at one precinct in this case. The rule declared in *Weakley* v. *Wolf, supra,* and *Hall* v. *Campbell, supra,*—cases to contest the election of public officers—that the general election law (§§6198-6263, *supra*), excludes grounds of contest involving the destroyed ballots, and permits the same only as to the ballots protested and preserved, has no application to contests of gravel road elections, as the reasons given in said cases for the rule in cases to contest the election of public officers do not exist in actions to contest gravel road elections. We conclude, therefore, that the amended petition was not insufficient for the reason urged. *Goddard* v. *Stockman* (1881), 74 Ind. 400, 407, 408; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 494.

Under the assignment of error that the court erred in overruling the motion for a new trial, appellants first insist that the court erred in admitting in evidence the original petition for the construction of gravel roads in Harrison township, and the proceedings of the board of commissioners in said cause, including the order for said special election. The real question at issue was whether a majority of the votes cast at said special election was for

or against the building of free gravel roads in said township. *Board, etc., v. Conner, supra; Goddard* v. *Stockman, supra.* It may be that said evidence was immaterial, but, be that as it may, it is evident that the error, if any, in admitting the same, was harmless, for the reason that it could have had no influence in the determination of the question whether the majority of the votes cast were for or against the building of said roads.

It is next contended by appellants that as the evidence showed that all the ballots cast at said special election were destroyed after they were counted, as provided in the election law, and that no ballots were protested or preserved and returned to the clerk's office, that the court erred in permitting witnesses to testify on behalf of appellees that they voted for the construction of free gravel roads at said special election; citing *Weakley* v. *Wolf, supra,* and *Hall* v. *Campbell, supra.* This contention is the same as appellants' objection to the sufficiency of the amended petition to contest, and is predicated upon the rule declared in *Weakley* v. *Wolf, supra,* and *Hall* v. *Campbell, supra,* which we have held does not apply to contests of gravel road elections. In actions to contest the election of public officers prior to the enactment of the Australian ballot law, the original ballots, when their identity was established, were the best evidence, but, if they had been destroyed, parol evidence was admissible for the purpose of ascertaining the correct vote; and it has been held that the voter may testify as to the contents of the ballot cast by him—that is, the names of the candidates for whom he voted, though he can not be compelled to do so. *Williams* v. *Stein* (1871), 38 Ind. 89, 93, 94, 10 Am. Rep. 97; Cooley, Const. Lim. (7th ed.), 910-913.

It is said in McCrary, Elections (3d ed.), §456: "In *Reed* v. *Kneass* [1850], 2 Pars. 584, Brightly, Elec. Cas., 366, it was insisted by counsel that a voter should not be

permitted to testify as to the person for whom he has voted at an election. It was contended that the constitutional provision that 'all elections shall be by ballot,' was not simply intended as a security to the elector for the free and independent exercise of the right of suffrage, but that from considerations of public policy it should be held to prevent the voter, under any circumstances, from disclosing before a judicial or other tribunal how he voted. But this point was overruled, and it was held that while the voter has the privilege of preserving the secrecy of his ballot by refusing to testify as to its contents, he is at liberty to waive that privilege. . If it were otherwise it might often be impossible to bring to light the darkest frauds. It would be a strange perversion of the rule which preserves the secrecy of the ballot for the purpose of encouraging free and independent voting, to make it serve to shield the fraud and corruption of those who would, by tampering with or changing ballots after they are cast, altogether deprive the majority of the electors of their choice. In the case just cited 230 witnesses were examined and testified that they had each voted at a given precinct for W. B. Red, for district attorney, whereas, according to the official returns, he had received but 120 votes therein. This mode of attacking and impeaching a return has been frequently recognized as proper, and this kind of evidence as competent." .

While §13 of article 2 of the Constitution secures to the voter at the election of public officers the protection of secrecy, the same has no application to railroad or gravel road elections. This is true because said section of the Constitution only applies to such elections as the Constitution requires to be by ballot. There is no provision of the Constitution requiring that railroad or gravel road elections shall be by ballot. The legislature has the power to provide that such elections shall be *viva voce,* or be determined by petition or remonstrance of the voters of the

taxing district, or by both.  Voters at such elections, there-fore, may be compelled to testify whether they voted for or against building free gravel roads, unless the statute provides otherwise.  In this case thirty-two witnesses, voters of the north precinct of Harrison township, testified that they had voted at said precinct for the construction of free gravel roads, while according to the official returns made to the board of commissioners, only seventeen votes had been cast at said precinct in favor of constructing free gravel roads.  This number was sufficient to change the result from a majority of eight against building said roads to a majority of twenty-two in favor of building the same.  It is clear that the court did not err in ad-mitting such testimony.

During the trial appellees called one Grindle as a wit-ness, who testified that he voted in favor of building said free gravel roads, and as to the contents of his ballot, and how he marked the same.  On cross-examination he testi-fied that he had made an affidavit as to how he voted.  He was then cross-examined at length about the contents of the affidavit and the circumstances under which it was signed and sworn to.  The affidavit was shown to the wit-ness, and he was asked about the marks upon it.  The witness had not been asked anything about said affidavit, nor did he testify concerning the same on his examination in chief, but on redirect examination he testified that the affidavit was true, and the same was read as a part of said reëxamination.  Affidavits of three or more other witnesses as to how they voted, and the contents of their ballots, and how they were marked, were read in evidence as a part of the redirect examinations of said witnesses under sub-stantially the same circumstances.  To the reading of each of said affidavits in evidence, appellants objected at the time, and assigned the admission thereof as causes for a new trial.

Appellants called out for the first time on cross-exam-

ination the fact that such affidavits had been made by each of said witnesses, and the circumstances under which the same were made, for the purpose of affecting the credibility of said witnesses. On redirect examination appellees had the right to examine each of said witnesses concerning the same matter, and show that the affidavits, words, acts, and conduct of each were consistent with his integrity and truthfulness, although evidence might be thus given which but for such previous cross-examination would have been inadmissible on behalf of appellees. *United States* v. *Eighteen Barrels of High Wines* (1871), 8 Blatchf. (U. S.) 475, 478. Said affidavits were not admissible in chief to make out appellees' case or to affect the question in issue, nor were they given in evidence for that purpose, but only to explain and avoid the effect of matters brought out by appellants on cross-examination. Moreover, appellants having called out the fact that such affidavits had been made by said witnesses, and the contents thereof, can not complain that the trial court in its discretion permitted them to be read in evidence as a part of the redirect examination of said witnesses; thus confirming a fact which appellants had already proved by said witnesses on cross-examination. *Fillmore* v. *Union Pac. R. Co.* (1879), 2 Wyo. 94, 100. See, also, 8 Ency. Pl. and Pr., 121, note 1.

It is next insisted by appellants that the court invaded the province of the jury and committed reversible error, in instructing the jury that, in determining the credibility of the witnesses and the weight to be given to their testimony, the jury should consider their interest, if any, their manner and conduct while testifying, etc., citing *Unruh* v. *State, ex rel.* (1886), 105 Ind. 117, 124. Appellants claim that the word "might" or "may" should have been employed by the court instead of the word "should." The court by said instruction informed the jury that it was their duty to consider all the things enumerated, in de-

termining the credibility of the witnesses and the weight to be given to their testimony. It was the duty of the jury to consider all the evidence given in the cause, and this included the duty of determining its weight. It was therefore as much their duty to consider facts and circumstances properly before them, affecting the credibility of the witnesses favorably or unfavorably, as it was to consider any other evidence in the cause. To consider evidence is one thing and to determine its weight is quite a different thing. Said instruction did not direct or even intimate what weight should be given such matters in the determination of the questions of credibility of witnesses or the weight to be given their testimony, but left that entirely to the jury. It is clear that the use of the word "should" in said instruction was not erroneous. *Fifer* v. *Ritter* (1902), 159 Ind. 8, 11, 12; *Smith* v. *State* (1895), 142 Ind. 288; *Newport* v. *State* (1895), 140 Ind. 299, 302; *Deal* v. *State* (1895), 140 Ind. 354, 364-369. The case of *Unruh* v. *State, ex rel., supra,* cited by appellants in support of their contention that the use of the word "should" in said instruction was erroneous, was overruled as to such ruling in *Fifer* v. *Ritter, supra,* pages 11, 12.

The third instruction given to the jury by the court is substantially a copy of one sustained by this court in *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 249-251, but appellants object to the word "circumstances" as last used in said instruction. While the latter part of said instruction contains some verbal inaccuracies, and can not be commended as a model, yet when read in connection with all the other instructions given in the cause, it is clear that the jury, being, as we must presume, men of average intelligence, were not misled thereby.

The court by instruction six informed the jury that, although it was alleged in the petition "that the election board in the north precinct in said township was organized in pursuance of an unlawful conspiracy between ap-

pellants and others opposed to the construction of said free gravel roads, that those who were in favor of the construction of said roads should have no representation on said board whatever, and that the vote should be falsely counted and returned so as to show a greater number of votes against said roads and a smaller number in favor of them than was actually cast, it was not necessary for appellees to prove that there was any such conspiracy, but if the jury find from the evidence that a majority of the legal votes cast at said election was in favor of building said roads your verdict should be for appellees, whether you find that such conspiracy was entered into or not."

Appellants contend that the theory of the appellees' petition was the alleged unlawful conspiracy, and nothing else, and that the court, in instructing the jury that appellees were not obliged to prove the alleged conspiracy, but were entitled to recover if they proved that a majority of the legal votes cast at said election were in favor of. building said free gravel roads, disregarded said theory of the case and committed an error. The gravamen of appellees' petition was that more legal votes were cast at said election for building said free gravel roads than were cast against building the same, and not the alleged conspiracy. Appellees' right to recover did not, therefore, depend upon proof of the unlawful conspiracy alleged, but upon proof that a majority of the votes cast at said election was in favor of building said free gravel roads. In such a case proof of the conspiracy is not necessary. *Jenner* v. *Carson* (1887), 111 Ind. 522, and authorities cited; *Severinghaus* v. *Beckman* (1894), 9 Ind. App. 388.

Appellants complain of two instructions given by the court which enumerated certain alleged acts and conduct of the election officers and others who testified as witnesses in the cause, which tended to show the motives, bias, prejudice, feeling, and interest of said witnesses, and informed the jury that if such matters had been established

by the evidence, they might consider the same in connection with all the other evidence in the case, in determining whether or not a majority of the legal votes cast at such election was for or against the building of said roads. It is true that the jury should consider all the evidence given in a·cause including evidence affecting the credibility of the witnesses, in determining the issues made by the pleadings, which, in this case, was whether or not a majority of the legal votes cast at said election was for the building of free gravel roads.    But instructions enumerating matters affecting the credibility of witnesses would be more clear and definite if they informed the jury of the direct and immediate purpose for which such evidence should be considered.    The two instructions mentioned, when considered in connection with all the other instructions in the cause, as the law requires (*Shields* v. *State* (1897), 149 Ind. 395, 406, and cases cited), could not have misled a jury composed of men of average intelligence, as jurors are presumed to be (*Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 435), as to the purpose for which said evidence should be considered.    Appellants have no ground for complaint on account of the instructions given to the jury, for the reason that they are in many respects more favorable to them than they could reasonably ask.

Some other questions are argued in the briefs, but what we have already said disposes of all questions presented as required by the rules of court.

Judgment affirmed.