Filed April 15, 1884.

---

No. 11,243.

## Lowe *v.* Ryan et al.

HIGHWAYS.—*Location of.*—*Appeal from County Commissioners.*—*Practice.*—On appeal from an order of the board of commissioners establishing a highway, questions not properly made before the board, and not affecting its jurisdiction, can not be made in the circuit court.

SAME.—*Evidence.*—*Opinion of Witnesses as to Benefits and Damages.*—*Instructions.*—*Jury.*—On appeal on the question of damages, the remonstrant, amongst other things, called witnesses who gave their opinion that the value of his lands would not be enhanced by the proposed highway, and the petitioners were allowed in rebuttal, over objection, to put in opinions of witnesses to the effect that the value would be increased.

*Held,* that the remonstrant could not, under such circumstances, claim that the judgment should, on this ground, be reversed.

*Held,* also, that instructions, which left the jury at liberty to consider these opinions, with the other evidence, were not erroneous.

From the Jasper Circuit Court.

*S. P. Thompson* and *J. H. Wallace,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellees.

ZOLLARS, J.—Appellees petitioned the board of commissioners for the location and opening of a public highway. Viewers were appointed, with directions to report at the ensuing June session of the board. At that session, the viewers made their report that they had located the highway, and that it would be of public utility. Both sides objecting to the re-

port, on account of defects in the notice issued to the viewers by the auditor, the report was not accepted by the board. An order was then made by the board that "the proper precept be issued to, and served upon, said viewers," and that they make a view as required by law, and make report at the next regular session of the board.

At the September session of the board, the viewers reported that the proposed highway would be of public utility, and that they had marked and laid out the highway forty feet wide, twenty feet on each side of the line given in the petition, which was also given in the report. After the report was filed appellant moved to set it aside. In this motion no defects are pointed out, nor reasons assigned. After the motion was overruled, appellant and others filed a remonstrance, on the ground that the proposed highway would not be of public utility.

A second set of viewers were appointed to make a view and report upon the question of the public utility of the proposed road. These viewers reported at the ensuing December session of the board, that the road, as located, would be of public utility. Upon the reception of this report appellant filed a remonstrance, claiming damages. Reviewers were appointed, and, at the ensuing March session, reported that appellant was not entitled to any damages. A final order was then made establishing the highway as located by the viewers. From this order appellant appealed to the circuit court. After this appeal the venue was changed from the White to the Jasper Circuit Court, from which court this appeal is prosecuted.

In that court, appellant moved to set aside the report of the viewers who located the highway and reported upon the question of public utility. That motion was based upon reasons therein stated. In this, it differed from the motion made in the commissioners' court. In that motion, as we have seen, no defects in the report were pointed out, nor were any reasons assigned why the motion should be sustained,

and the report rejected. The motion was so general and indefinite as to present no question to the board. The motion in the circuit court was therefore new, and presented to that court what had not been presented, nor urged, before the board of commissioners. Whatever may be, or should be, the proper practice in the circuit court, when the board of commissioners may have improperly overruled objections to reports of viewers, it is manifest that a proper practice requires that all objections to such reports should be first presented in the commissioners' court. On such a presentation, the board might sustain the motion, and thus save further errors and costs. This comports with the well settled doctrine of this court, that, in such cases, all objections not made before the board of commissioners are regarded as waived. *Green* v. *Elliott*, 86 Ind. 53; *Breitweiser* v. *Fuhrman*, 88 Ind. 28; *Rominger* v. *Simmons*, 88 Ind. 453; *Peed* v. *Brenneman*, 89 Ind. 252.

The motion in the circuit court included, also, the report of the viewers appointed upon the remonstrance that the proposed road would not be of public utility. As no objections were made to this report in the commissioners' court, this motion came too late. It may be observed, too, that the motion, as to both reports, was based in part upon matters not apparent upon the face of the record of the proceedings.

For the reasons stated, we think that the court did not err in overruling the motion to set aside the reports.

In the circuit court, appellant asked leave to file what he calls a plea in abatement. This was refused, and we think properly so.

In that so-called plea, appellant set up that the highway, as laid out and located, would pass through his enclosure of more than one year's standing, and that he had not given his consent to such location. No such question was made in the commissioners' court, and could not therefore be made in the circuit court. *Cummings* v. *Shields*, 34 Ind. 154; *Fisher* v. *Hobbs*, 42 Ind. 276.

Lowe *v.* Ryan *et al.*

In what we have said, we should not be understood as holding that such facts could in any case be set up by plea in abatement; nor that a remonstrance may not, in a proper case, be amended in the circuit court, or filed there for the first time. See *Breitweiser* v. *Fuhrman, supra.*

On the trial before the jury, appellant introduced witnesses who testified to the value of appellant's land that would be taken for the highway, the cost of constructing additional fences, etc., and, finally, that the market value of appellant's lands would not be increased by the proposed highway.

In rebuttal, appellee's witnesses were allowed to testify that appellant's land, three hundred and twenty acres, would be increased in market value from three to five dollars per acre. Appellant objected to this evidence in rebuttal, and asks a reversal of the judgment upon the ruling of the trial court in admitting it. Appellant first sought and took the opinion of his witnesses as to whether or not the market value of his lands would be increased or diminished by the proposed highway. Having done so he is not in a position to ask a reversal of the judgment, because his adversaries were allowed to meet his case with like opinions from their witnesses. See *Gaff* v. *Greer,* 88 Ind. 122.

As both sides took the opinions of their respective witnesses, the probability is that the advantages and disadvantages to each thereby were about equal. However that may be, we think that the admission of the evidence in rebuttal, under the circumstances, was not such an error as would justify a reversal of the judgment.

Objection is made to some of the instructions. The objection seems to be that they left the jury free to act upon the opinions of witnesses as to the benefits and damages to appellant's land by the opening of the highway. This objection is not well taken. If there was error it was in the admission of the testimony. Having been admitted, it was the right and duty of the jury to consider it. The instructions, however, made no reference to any specific item or class of testimony,

but gave to the jury a correct rule for the measure of damages upon all of the testimony before them.

Objections are urged to the petition, the order of the board appointing the viewers, and the notice issued to them by the auditor. These objections are not such as affect the jurisdiction of the board of commissioners. Not having been made in the commissioners' court, they were waived, and could not be made for the first time in the circuit court by a motion to arrest the judgment; nor can they be made in this court. *Green* v. *Elliott, supra; Sowle* v. *Cosner,* 56 Ind. 276; *Turley* v. *Oldham,* 68 Ind. 114.

There being no available error in the record, the judgment is affirmed with costs.

HAMMOND, J., did not participate in the decision of this cause.

Filed April 16, 1884.