No. 11,679.

## STOCKWELL v. BRANT ET AL.

INTOXICATING LIQUOR.— *Application for License.— Appeal.— Amendment of Remonstrance.*—On an appeal from a refusal by the county board to grant a license to sell intoxicating liquor in a less quantity than a quart, the circuit court may permit, at the costs of the remonstrator, an amendment making the remonstrance more specific and adding new specifications under the original objections, where no new parties are introduced.

SAME.—*Evidence.— Opinion of Witness.*—Upon the trial of such cause it is not proper for a witness to testify that in his judgment the applicant was a man fit to be trusted with a license to sell intoxicating liquors.

SAME.—*Harmless Error.*—Evidence that the applicant's former place of business had been on a much frequented street was immaterial, but its admission could not harm the applicant, and is not available error.

SAME.—*Former Place of Business.— Conduct of Customers.*—Testimony as to the conduct of persons congregating around the saloon formerly kept by the applicant, and going in and out, was competent, although the former place was one where liquor was sold by the quart.

SAME.—*Specific Acts.— Unfitness of Applicant.*—The unfitness of applicant may be proved by specific acts. The question is not one merely of general character, but the jury may judge whether the specific acts prove unfitness in the person applying for the license.

INSTRUCTIONS.—*Evidence Supporting Verdict.*—Where all the instructions taken together fairly present the law to the jury, a single inaccurate instruction will not authorize a reversal of the judgment. Where the record affirmatively shows that the verdict was right upon the evidence, the judgment will not be reversed for error in the instructions.

From the Lawrence Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

BICKNELL, C. C.—The appellant applied to the county board for a license to sell intoxicating liquors in a less quantity than a quart at a time. The appellees were the remonstrators before the county board.

The county board refused to grant the license; on an appeal to the circuit court a jury returned a verdict that the appellant was not a fit person to be entrusted with a license, and judgment was rendered on the verdict, followed by this appeal.

In the circuit court the appellees, over the objection of the appellant, were permitted to amend the remonstrance they had filed before the county board, and a motion by the appellant to dismiss the amended remonstrance was overruled. The action of the court as to the amendment is assigned as error.

In *Miller* v. *Wade*, 58 Ind. 91, it was held that the circuit court had no power, after the withdrawal of a remonstrance to permit a new party to appear and file a remonstrance. And the general rule is that appeals from the county board are tried in the circuit court on the issues made before the county board. *Lowe* v. *Ryan*, 94 Ind. 450; *Green* v. *Elliott*, 86 Ind. 53; *Breitweiser* v. *Fuhrman*, 88 Ind. 28. But the issues made below are subject to proper amendments in the appellate court under the general rules of law. *Hedrick* v. *Hedrick*, 55 Ind. 78; *Cummins* v. *Shields*, 34 Ind. 154; *Lowe* v. *Ryan, supra,* on p. 453.

In *Goodwin* v. *Smith*, 72 Ind. 113 (37 Am. R. 44), which was an application for a liquor license, this court said : " In highway cases, the practice has uniformly been to permit such amendments, and we can see no reason why the same rule should not apply to the class of cases to which the one under discussion belongs."

The leave to amend in the present case was granted at the costs of the appellees. There were no new parties introduced. The amendments made the remonstrance more specific, and added new specifications under the original objections. There was no error in granting the leave to amend the remonstrance, or in overruling the motion to dismiss it.

The only other error assigned is overruling the motion for a new trial. The only reasons for a new trial discussed in the appellant's brief are :

1. Excluding certain testimony of the witness John Anderson. The appellant proposed to prove by this witness, " that, in his judgment, the appellant was a man fit to be en-

trusted with a license to sell intoxicating liquors." There was no error in excluding this testimony. *Yost* v. *Conroy*, 92 Ind. 464 (47 Am. R. 156).

2. The admission of certain testimony of the witnesses, Adonis, McGee and Allen. The testimony of Adonis was, that the appellant, " a year before, had kept a quart saloon on College avenue in Bloomington, and that about 600 children and 200 college students passed there daily twice a day." This was immaterial, and might properly have been excluded, but the fact that the defendant's place of business had once been on a much frequented street could not harm the appellant, and the admission of such testimony is not an available error. *Kimble* v. *Seal*, 92 Ind. 276 ; *Mills* v. *Winter*, 94 Ind. 329.

The witness McGee testified that when the appellant, more than a year before the trial, kept his quart saloon in Bloomington, there was a hallway in the same building, leading upstairs and next to the saloon, which was on the ground floor, and that witness had seen men drinking in that hallway, and vomiting there ; that drunken men were congregated in the hallway ; that he had seen drunken men coming in and out of the saloon and collecting in front thereof.

The witness Allen testified that drunken men were in the habit of congregating in front of the appellant's said saloon. The objections to the testimony of these witnesses were that it was irrelevant, incompetent and immaterial. If it was immaterial it was harmless, but we think it was not incompetent ; it was for the jury to determine whether a liquor seller, about whose premises such things were usual, was a fit person for the license he was seeking.

3 and 4. The objections to the introduction of the record of the conviction of the appellant in the Monroe Circuit Court for unlawfully selling intoxicating liquor to be drunk on his premises, and to the testimony of John Kelly that he had seen the appellant playing poker for money on Sunday, were, that such evidence was immaterial, irrelevant and in-

competent, and that the unfitness mentioned in the statute can not be proved by specific acts. But we think such unfitness can be proved by specific acts. It is not a question merely of general character. It is for the jury to determine whether the specific acts show such an immorality or unfitness as should defeat the application for a license. *Keiser* v. *Lines*, 57 Ind. 431. There was no error in admitting the evidence now under consideration.

5. The last reason for a new trial discussed in the appellant's brief is that the court erred in its instructions to the jury Nos. 7, 8 and 9.

The following rules are established in Indiana in reference to objections to instructions:

1. Where all the instructions taken together fairly present the law to the jury, a single inaccurate instruction will not authorize a reversal of the judgment. *McDermott* v. *State*, 89 Ind. 187; *Louisville, etc., R. R. Co.* v. *Kelly*, 92 Ind. 371 (47 Am. R. 149); *Young* v. *Clegg*, 93 Ind. 371; *Louisville, etc., R. W. Co.* v. *White*, 94 Ind. 257.

2. Where the record affirmatively shows that the verdict was right upon the evidence, the judgment will not be reversed for error in the instructions. *Simmon* v. *Larkin*, 82 Ind. 385; *Norris* v. *Casel*, 90 Ind. 143. It is provided by statute that a judgment shall not be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below. R. S. 1881, section 658; *Brooster* v. *State*, 15 Ind. 190. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.

Filed Oct. 11, 1884.