## BRYAN v. JONES.

[No. 5,403. Filed January 31, 1905.]

From Monroe Circuit Court; *W. E. Capron,* Special Judge.

Charles L. Jones applied for a license to sell intoxicating liquors. From a decree granting the license, remonstrators appeal. *Reversed.*

*Duncan & Batman,* for appellants.
*J. E. Henley,* for appellee.

WILEY, J.—On the petition of the appellants this cause was advanced.

The principal questions presented by this appeal are identical to those in the case of *Bryan* v. *DeMoss* (1905), *ante,* 473, and upon the authority of that case the judgment will have to be reversed. The writer of this opinion concurred in the result in that case, but expressed the view that the remonstrance in its present form was insufficient; and that it was an abuse of the discretion of the trial court in refusing to allow appellants to amend their remonstrance on appeal from the commissioners' court.

The body of the remonstrance in this case is as follows: "Individual remonstrance against a certain named applicant: We, the undersigned residents and voters in Bloomington township, Monroe county, in the city of Bloomington, State of Indiana, hereby remonstrate against the granting of a license to Charles L. Jones, upon his application to sell spirituous, vinous, malt or other intoxicating liquors in said aforesaid ward."

It is my judgment that the words in the remonstrance "in said aforesaid ward" are wholly meaningless. The word "aforesaid" means "said before, or in a preceding part; already described or identified." (Webster.) So far, therefore, as the body of the remonstrance goes it is a remonstrance against the appellee selling liquor in Bloomington township in the city of Bloomington. This, I take it, is not a substantial compliance with section nine of what is commonly known as the Nicholson law (§7283i Burns 1901, Acts 1895, p. 248), for there it is provided that the remonstrance must be against the sale of liquor in the township or city ward embraced within the application. If the application is to sell liquor in a township, then the remonstrance must be directed against the sale in such township; and if it be to sell liquor in a city ward, then the remonstrance must be directed against the sale in such ward. The remonstrance in this case does not comply with that provision of the statute in reference to city wards. The remonstrance in terms says: "The undersigned residents and voters in Bloomington township, Monroe county, and in the city of Bloomington." The persons remonstrating might have been residents and voters in Bloomington township and in the city of Bloomington, but not necessarily residents and voters of the first ward of said city, and as only the legal residents and voters in the ward in which the application to sell was made are proper remonstrators, the remonstrance is insufficient because of the failure to show such fact.

The rule in this State, established by the authorities, is that upon an appeal to the circuit court from a proceeding before the board of commissioners, the issues made before the board may be amended. *Hedrick* v. *Hedrick* (1876), 55 Ind. 78; *Goodwin* v. *Smith* (1880), 72 Ind. 113, 37 Am. Rep. 144; *Stockwell* v. *Brant* (1884), 97 Ind. 474; *Hardesty* v. *Hine* (1893), 135 Ind. 73.

And so, whether a remonstrance of this character is an "answer," "pleading," or "document" (*Ludwig* v. *Cory* (1902), 158 Ind. 582), it is authorized by statute, and when it complies with the statute in all of its requirements it is a complete bar to the granting of a license. When a statutory remonstrance is timely filed, the board of commissioners have no jurisdiction to proceed further.

There is no doubt but that upon an appeal from the board of commissioners to the circuit court a remonstrance may be amended. *Stockwell* v. *Brant, supra; Hardesty* v. *Hine, supra.*

The trial court should have allowed appellants to amend their remonstrance by inserting the words "first ward of" after the word "in" and before the word "the."

The views herein expressed as to the sufficiency of the remonstrance in its present form, and the ruling of the court in refusing to allow the amendment, are the individual views of the writer of this opinion.

The judgment is reversed, and the court below is directed to grant a new trial.