## WILLIAMSON v. HOUSER ET AL.

[No. 21,020. Filed November 26, 1907.]

1. STATUTES. — *Code.* — *Highways.*—The highway act of 1905 (Acts 1905, p. 521, §6730 *et seq.* Burns 1905), being a codification of the existing highway laws, will be construed, as far as practicable, in accord with the decisions upon the prior similar laws. p. 400.

2. SAME.—*Code.*—*Highways.*—*Appeal.*—"Section 102," as used in §6735 Burns 1905, Acts 1905, p. 521, §10, providing that an appeal shall lie from an order dismissing the highway petition or estab-

lishing the highway, as provided in "section 102" of this act evidently refers to section 123, instead of section 102, of such act. p. 401.

3. . HIGHWAYS.—*Remonstrances.—Time of Filing.—Striking Out.*— Remonstrances against the vacation or location of public highways must be filed before the boards of commissioners, and may be stricken out when presented for the first time on appeal to the circuit court. p. 402.

From Huntington Circuit Court; *J. Fred France,* Special Judge.

Highway proceeding by Henry Houser and others, against which Lydia Williamson remonstrates. From a judgment for petitioners, remonstrant appeals. Transferred from Appellate Court under §1393 Burns 1908, Acts 1907, p. 237, §2. *Affirmed.*

*J. B. Kenner, Sumner Kenner* and *C. K. Lucas,* for appellant.

*M. L. Spencer* and *W. A. Branyan,* for appellees.

JORDAN, J.—This proceeding was instituted by appellees on January 29, 1906, before the Board of Commissioners of the County of Huntington to vacate a certain highway. The action is based upon section one of an act of the legislature "concerning highways," approved March 8, 1905 (Acts 1905, p. 521, §6726 Burns 1905). This section provides "that whenever twelve freeholders of any county, six of whom shall reside in the immediate neighborhood of a highway proposed to be located, vacated, or a change therein made, shall petition the board of commissioners of such county for the location, vacation or change thereof, such board, if satisfied," etc. Upon filing the petition in this case the board of commissioners, as required, appointed viewers, who subsequently filed their report, setting forth therein that the proposed vacation of the highway in controversy would not be of public utility. Thereupon Houser, one of the petitioners, filed objections, in the nature of a remonstrance, to this report, alleging that the vacation would

be of public utility, and requested that reviewers be appointed. The board of commissioners appears to have complied with this request and reviewers were accordingly appointed, who thereafter reported that the vacation of the highway would be of public utility, and that it ought to be vacated. Upon the filing of this report, the board, on May 7, 1906, ordered and adjudged that the road be vacated. Appellant did not appear in the proceedings before the board of commissioners. On June 6, 1906, she filed an affidavit with the county auditor, alleging therein that she was the owner of certain land described, which she averred adjoined or was contiguous to said highway; that the vacation thereof would affect her said land and damage the sale thereof, and that she was not a party to "the cause as presented before the commissioners' court." On the same day she filed with, and to the approval of, the auditor of the county her appeal bond, wherein she recited that she had appealed to the circuit court from an order of the board of commissioners made in said proceeding on May 7, 1906. Upon the filing of the affidavit and bond the auditor appears to have certified all the papers and entries in the case to the Huntington Circuit Court. At the September term, 1906, of that court appellant appeared therein, and, over the objections and exceptions of appellees, was, by the court, permitted to file, for the first time, what is termed a "plea" or "answer in the nature of a remonstrance." This paper is in two paragraphs.

The first recites that "now comes Lydia Williamson, and, as an answer in the nature of a remonstrance," etc., and then proceeds to allege that said remonstrator is the owner of land abutting on the highway described in the petition, and that she is affected thereby, in this that the proposed vacation "will entirely cut off ingress to and egress from a cemetery, and will discommode and inconvenience the entire neighborhood," and will not be of public utility. Wherefore she prays that the court dismiss the petition.

The second paragraph sets out facts tending to show that she will be damaged by the vacation of the highway, and judgment in the sum of $500 is demanded. Appellees successfully moved to strike out the first paragraph of said remonstrance. After the trial court had ruled upon several other motions, the case was submitted to the jury for trial. The jury returned a general verdict against appellant, and along with this verdict returned answers to interrogatories. These interrogatories and answers, however, are not set out in the record.

Appellant unsuccessfully moved for a judgment in her favor upon the answers to the interrogatories; she also moved for a new trial upon the statutory grounds, and for the further reason that the court erred in overruling her motion to require appellees to open and close the case. The motion for a new trial the court denied, and rendered judgment on the verdict against appellant. She appeals, and assigns as errors that the court erred (1) "in striking out the first paragraph of the remonstrance;" (2) "in overruling the motion for a new trial." The only errors discussed by her counsel relate to the rulings of the court in striking out the first paragraph of the remonstrance and in denying the motion to require appellees to assume the opening and closing of the case at the trial.

The act upon which this proceeding is based appears to be a revision of the statute enacted in 1853, concerning highways. It may be said to supersede §6727 Burns 1901, and the intervening sections to and including §6854 Burns 1901. These sections make provision for the location, change, vacation, repair, etc., of public highways. Many of the provisions of the act of 1853, and amendments thereto, have been, with some changes, substantially reenacted in the act of 1905, *supra*. Under the circumstances, the decisions of this court in cases originating under the old law will, as far as applicable, afford ruling precedents upon questions arising under the act of 1905, *supra*.

Section five of this latter act (Acts 1905, p. 521, §6730 Burns 1905), as did the provisions of the old statute, provides for the filing of a remonstrance or application for damages before the board of commissioners, at any time before that tribunal has taken final action in the matter, by any landowner through whose lands the highway in question passes.

Section nine of said act (§6734 Burns 1905) provides that, in the event any resident freeholder of the county shall remonstrate against the proposed highway because it is not of public utility, the board of commissioners may appoint reviewers, etc.

Section ten (§6735 Burns 1905) provides that if a majority of the reviewers report against the public utility of the proposed location, change or vacation, the petition therefor shall be dismissed, etc.  The section further provides that an appeal shall lie to "the circuit court from any such order dismissing such petition or ordering such highway established, as provided in section 102 of this act."  The latter provision, which reads, "as provided in section 102 of this act," is evidently a mistake or inadvertence on the part of the draftsman, for it will be found upon examination that said section 102 (§6841 Burns 1905) has no reference or relation whatever to appeals.  It is manifest that section 123 of said act (§6863 Burns 1905), instead of the section mentioned, was intended.  This latter section provides that, "except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county, in any proceeding in relation to highways, may appeal therefrom within thirty days thereafter to the circuit court of such county, by filing a bond, with surety and penalty, to be approved by the auditor of such county, conditioned for the due prosecution of such appeal, and the payment of costs," etc.

Under the facts in this case and the decisions applicable

thereto, it is well settled that appellant had no right to present, for the first time, in the circuit court on appeal an application for damages arising out of the proposed vacation of the highway, or an objection or remonstrance on the ground that such vacation is not of public utility. As the facts disclose, she wholly failed to appear before the board of commissioners and exercise her right under the statute to set up and claim damages on account of the vacation of the highway, or to object or remonstrate, for the reason that such vacation was not of public utility. In support of the rule which we affirm, see *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Lowe* v. *Ryan* (1884)', 94 Ind. 450; *Breitweiser* v. *Fuhrman* (1882), 88 Ind. 28; *Green* v. *Elliott* (1882), 86 Ind. 53; *Metty* v. *Marsh* (1890), 124 Ind. 18; *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594.

In *Metty* v. *Marsh, supra,* which was a proceeding instituted before the board of commissioners to locate and construct a public ditch, it is said: "It has so often been adjudged by this court, in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on appeal to the circuit court, that but little can be said in elaboration of the principle."

The case of *Indianapolis, etc., R. Co.* v. *Hood, supra,* was a proceeding for laying out a highway, instituted before the board of commissioners. In that case the railroad company, on account of the negligence of its attorney, did not appear before the board and file a remonstrance or claim for damages. In the circuit court, on appeal, it unsuccessfully offered to file a remonstrance. It was held in that case that the trial court did not err in refusing to permit appellant company to file its remonstrance and tender an issue thereon. In passing upon the question this court, by Elliott, J., said: "It is firmly settled that in cases of this character objections must be appropriately presented to the board of

commissioners or they cannot be made available in the circuit court on appeal.''

As appellant, under the circumstances, had no right to file her remonstrance in the circuit court, as she did, consequently the action of the court in sustaining the motion to strike out the first paragraph thereof was right, or at least harmless. For the same reason she is not in a position in any manner to assail the decision of the trial court in denying her demand to require appellees to assume the burden of opening and closing the case. It is possibly true, as counsel for appellant suggest, that, upon the unfavorable report made by the first viewers against the public utility of the vacation of the highway, the board of commissioners was not authorized by the statute to appoint reviewers, as was done. This question is not before us; hence we advance no opinion thereon. See, however, *Doctor* v. *Hartman* (1881), 74 Ind. 221.

For the reasons stated, there is no available error presented by the record. Judgment affirmed.