## FANCHER *v.* COFFIN ET AL.

[No. 6,153. Filed April 9, 1908.]

1. APPEAL.—*Briefs.*—*Waiver.*—Alleged errors not discussed in appellant's brief are waived. p. 490.
2. SAME.—*Briefs.*—*Rules.*—The failure of appellant to comply strictly with Appellate Court rules in the preparation of his brief is not necessarily fatal. p. 490.
3. HIGHWAYS.—*Petitions.*—*Initial Attack on Appeal.*—Objections not made before the board of commissioners, in a highway case, cannot be made on appeal. p. 491.
4. SAME.—*Description.*—*Sufficiency.*—A highway petition which describes the proposed route with such certainty that a surveyor can locate it is sufficient. p. 491.
5. SAME.—*Description.*—A highway petition stating that the proposed road shall be forty feet wide, and shall begin in Davis township, Starke county, Indiana, at the northeast corner of section thirty, in township thirty-four and range two west, thence to extend north on the section line dividing sections nineteen and twenty, and to terminate at the northeast corner of section nineteen, is sufficient. p. 492.
6. SAME. — *Remonstrance.* — *Verification by Attorney.* — *Waiver.*— Where a highway remonstrance was verified by a remonstrant's attorney, and the petitioners made no objection thereto before the board of commissioners, they cannot be heard to complain thereof on appeal. p. 492.

From Starke Circuit Court; *John C. Nye,* Judge.

Highway petition by William H. H. Coffin and others, against which Jonathan W. Fancher remonstrated. From a judgment for petitioners, remonstrant appeals. *Reversed.*

*H. R. Robbins, J. M. Fuller* and *J. F. Brems,* for appellant.

*Charles C. Kelley* and *W. C. Pentecost,* for appellees.

WATSON, J.—William H. H. Coffin and eighteen others, appellees, filed their petition in the office of the auditor of Starke county, Indiana, asking that a public highway be established over the lands of appellant and Charles A. Jamison in Davis township in said county. Upon proof of notice and the number of signers to the petition, as required by

statute, the board of commissioners of Starke county appointed eligible viewers, who thereafter reported that said proposed highway would be of public utility. Thereupon appellant filed his remonstrance thereto, and eligible reviewers were appointed, who thereafter reported as to the public utility of said highway and as to the damages due appellant.

The appellant prayed an appeal to the circuit court from the judgment of the board of commissioners, and filed his bond within thirty days thereafter.

The appellees moved to dismiss the appeal, for the reason that the remonstrance was not verified by appellant, which motion was sustained, and said appeal dismissed. Judgment was rendered against appellant for costs.

From this judgment appellant appeals, and assigns five separate errors; but as only the first and third are discussed the others are deemed to be waived. They are as follows: "(1) The petition of appellees does not state facts sufficient to constitute a cause of action." "(3) The court erred in dismissing the appeal."

At the very threshhold of this case it is contended that the errors thus assigned cannot be considered, for the reason that appellant has failed to comply with clause five of rule twenty-two of this court. It is true, as urged by appellees, that appellant has not strictly complied with the rule, but there has been such a compliance therewith that we shall consider such of the errors thus assigned, as before indicated.

Under the error that "the petition of appellees does not state facts sufficient to constitute a cause of action," appellant insists that this cause should be reversed, for the reason that the highway sought to be laid out is not sufficiently described. Said highway is described as follows:

"In Davis township, in Starke county, Indiana, a public highway to be of the width of forty feet, and to begin at the northeast corner of section thirty, in town-

ship thirty-four, range two west, to extend north along the section line between sections nineteen and twenty in said township and range and terminate at the northeast corner of said section nineteen, being of the total length of one mile."

The first time any objection has been made to the petition is in this court. It has repeatedly been held by the Supreme Court and this Court, in cases of this character, that,

3. unless objections are seasonably made to the petition before the board of commissioners, they are not available either in the circuit court or the appellate court. *Green* v. *Elliott* (1882), 86 Ind. 53, and cases cited; *Lake Erie, etc., R. Co.* v. *Spidel* (1898), 19 Ind. App. 8; *Wells* v. *Rhodes* (1888), 114 Ind. 467; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27; *Lowe* v. *Ryan* (1884), 94 Ind. 450; *Budd* v. *Reidelbach* (1891), 128 Ind. 145, and cases cited; *Indianapolis, etc., R. Co.* v. *Hood* (1892), 130 Ind. 594; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 147; *Shoemaker* v. *Williamson* (1901), 156 Ind. 384; *Smyth* v. *State, ex rel.* (1903), 158 Ind. 332; *Strayer* v. *Taylor* (1904), 163 Ind. 230; *Williamson* v. *Houser* (1907), 169 Ind. 397.

In *Metty* v. *Marsh* (1890), 124 Ind. 18, it was said: "It has so often been adjudged by this court, in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on appeal to the circuit court, that but little can be said in elaboration of the principle."

It has long been the established rule of this court that the description is sufficient when a surveyor can, by the aid thereof, lay out and designate said proposed highway.

4. In the case of *Adams* v. *Harrington* (1888), 114 Ind. 66, the court said: "Technical accuracy is not necessary in the description of a proposed line of road. It is enough that the general description shall be such that a surveyor can, with the assistance of the points definitely named, trace and designate the proposed route."

Waiving the question, therefore, as to whether or not the

sufficiency of the petition can be questioned for the first time in this court, we hold that the description herein is sufficient to withstand the objections urged against it.

Section 6730 Burns 1905, Acts 1905, p. 521, §5, provides as follows: "If any person through whose land such highway or change may pass shall feel aggrieved by reason of such location, vacation or change, such person may, at any time before final action of the board thereon, set forth such grievances by way of remonstrance under oath."

It is contended that the remonstrance, verified as it was by appellant's attorney and agent, did not comply with the statute, and the circuit court, therefore, correctly dismissed this cause. It is urged by appellees that the statute requiring the verification of an application for change of venue and the one under consideration are alike. The statute governing change of venue (§422 Burns 1908, cl. 7, §418 R. S. 1881), says that "when either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the cause is pending," the court shall grant a change of venue. Likewise the statute requiring the verification of complaints in the contest of wills (§3154 Burns 1908, §2596 R. S. 1881) says: "Verified by his affidavit." The statute under consideration (§6730, *supra*) says: "Such person may set forth * * * such grievances * * * under oath."

If it be required that the remonstrance or answer affirmatively allege facts sufficient to show jurisdiction, it was so shown by the remonstrance herein.

To this remonstrance or answer the petitioners replied, filing a motion to strike out parts thereof, which motion was sustained by the board, and thereupon reviewers, in pursuance of said remonstrance, were appointed, who reported to the board of commissioners as to the utility of said highway and the damages of appellant.

Whether the remonstrance was properly verified as required by the statute we do not decide. If the appellees had insisted that the remonstrance be verified by appellant before they answered, or before further steps were taken in this cause before the board, and the court had refused to require the appellant so to do, then the question as to the verification would have been presented for our consideration; but the parties having appeared thereto and answered, without objection, and it affirmatively appearing that the court had jurisdiction of the subject matter, it cannot be thus ousted, nor can this objection to the remonstrance be made for the first time in the circuit court by a motion to dismiss. The appellees having appeared to and answered the same before the board of commissioners without any objections as to the verification thereof, they will be deemed to have voluntarily waived any objection, if any, to appellant's remonstrance. They might have made a motion in the court below to dismiss for want of proper verification thereof. *Southerland* v. *Hankins* (1877), 56 Ind. 343, 356. The court therefore erred in sustaining appellees' motion to dismiss the appeal herein.

The judgment is reversed, at the costs of appellees, with instructions to overrule the motion to dismiss the appeal, and for further proceedings not inconsistent with this opinion.