## KELLEY ET AL. *v.* AUGSPERGER ET AL.

[No. 21,084. Filed November 5, 1908.]

1. APPEAL.—*Final Judgment.*—A judgment, after sustaining a motion to dismiss an appeal in a highway proceeding, in form: "It is therefore considered and adjudged by the court that the remonstrators have and recover from and of the petitioners their costs and charges herein laid out and expended," is final and appealable. *Neyens* v. *Flesher*, 39 Ind. App. 399, disapproved. p. 156.

2. WORDS AND PHRASES.—*"Change" of Highway.*—The word "change," as used in the highway act of 1905 (Acts 1905, p. 521, §§1-23, §§6726-6748 Burns 1905), providing for the location, vacation and change of highways, imports a departure from the old highway, the opening of a new one and the vacation of at least a part of the old one. p. 156.

3. HIGHWAYS.—*Petitions.*—*Duplicity.*—A highway petition seeking the vacation of a part of an old highway and the establishment of a new one in lieu thereof, is not bad for duplicity. p. 157.

4. SAME.—*Reviewers' Adverse Report.*—*Appeal.*—Under §6735 Burns 1905, Acts 1905, p. 521, §10, highway petitioners against whom the reviewers have made a report, may appeal to the circuit court and have the cause tried *de novo.* p. 157.

From White Circuit Court; *James P. Wason,* Judge.

Highway petition by Benton Kelley and others, against which William Augsperger and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Reversed.*

*Frank Foltz, Charles G. Spitler, Abraham Halleck* and *Palmer & Carr,* for appellants.

*Baughman & Williams* and *W. H. Parkinson,* for appellees.

MONTGOMERY, J.—Appellants petitioned the Board of Commissioners of the County of Jasper to vacate part of an existing highway, and to locate and establish a new one,

under the act of March 8, 1905 (Acts 1905, p. 521, §§1-23, §§6726-6748 Burns 1905). The viewers reported in favor of the petitioners, and appellees remonstrated. The reviewers reported that the proposed road would not be of public utility, and thereupon the board made a final order dismissing the proceeding. Appellants appealed, and the venue was changed to the White Circuit Court. The cause was dismissed by the court below upon appellees' motion alleging that the petition was double, and that no appeal was authorized from a judgment of the board dismissing a petition, upon the report of reviewers finding that the proposed road would not be of public utility.

The action of the court in sustaining appellees' motion and in dismissing the action is assigned as error.

The judgment below, after sustaining the motion to dismiss, continues as follows: "It is therefore considered and adjudged by the court that the remonstrators have 1. and recover from and of the petitioners their costs and charges herein laid out and expended." Appellees' counsel make the point that this is a judgment for costs merely, and not a final judgment, citing *Neyens* v. *Flesher* (1907), 39 Ind. App. 399. No petition to transfer to this court was filed in that case, but the holding has been discredited by the decision in *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553, and is now expressly disapproved. The action of the court in dismissing the proceeding and assessing all costs against the petitioners fully and completely disposed of the cause, both as to subject-matter and parties, and was clearly a final and appealable judgment. *State, ex rel.,* v. *Lung, supra,* and cases cited; *Conrad* v. *Hansen* (1908), *ante,* 43.

The statute under consideration covers the location, vacation and change of highways. A change of highway implies 2. a departure from the line already established, the opening of a new one, and the vacation of at least a part of the old road. A petition to change a highway

is not open to a charge of duplicity, because it seeks to have part of an old highway vacated and a new one estab-
3. lished in lieu thereof; but such a petition should contain a description of so much of the old road as is asked to be vacated, as well as a description of the proposed road, as the utility of the one proposition must, in large measure, depend upon the adoption of the other.

Appellees rely upon the cases of *McKee* v. *Gould* (1886), 108 Ind. 107; *Jones* v. *Duffy* (1889), 119 Ind. 440, and *Bowman* v. *Jobs* (1890), 123 Ind. 44, to sustain their con-
4. tention that no appeal lies from a judgment of dismissal made by the board in pursuance of a report of reviewers, finding that a proposed highway will not be of public utility. The last two of the cases cited involved questions like that now under consideration, but they were governed by §6751 Burns 1901, §5024 R. S. 1881. That section reads as follows: "If a majority of the viewers last named report against the public utility of such highway, the same shall not be established; but if they report favorably thereto, the objector shall pay the costs of the reviewers, and the highway shall be recorded and ordered to be opened and kept in repair."

It will be noted that the statute forbade the establishment of the proposed road in case of an adverse report by the reviewers, and no appeal therefrom was expressly given. The holding of the court was that upon the return of this report the law terminated the matter, and neither the board nor the circuit court upon appeal had jurisdiction to proceed further than to enter the proper judgment for costs.

Section ten of said act of 1905 (§6735, *supra*) contains a material amendment to this section of the old law, and reads as follows: "If a majority of the reviewers last named report against the public utility of such highway, vacation or change, the petition shall be dismissed; but if they report favorably thereto, the remonstrator shall pay the cost of the review, and in case of a location or change, the highway

shall be recorded and ordered to be opened and kept in repair: Provided, however, that an appeal shall lie to the circuit court from any such order dismissing such petition or ordering such highway established, as provided in section 102 [123; see *Williamson* v. *Houser* (1907), 169 Ind. 397] of this act."

Remonstrators, against whom final judgment in highway proceedings were entered, had a right of appeal under the old law, but as before shown petitioners were denied such right. The manifest purpose of the proviso in the new act was to give petitioners a right of appeal from a judgment dismissing their petition, and thus to make their appellate privileges equal to those of remonstrators. *Williamson* v. *Houser, supra.* Under the present law an adverse report of the reviewers is not binding upon the circuit court, but upon appeal the cause is to be heard *de novo,* and determined upon its merits on evidence produced in open court upon all the issues raised before the board of commissioners. It follows that the court erred in dismissing the action.

The judgment is reversed, with directions to overrule appellees' motion to dismiss, and for further proceedings.