## AETNA LIFE INSURANCE COMPANY ET AL. *v.* JONES ET AL.

[No. 21,559. Filed November 19, 1909.]

1. HIGHWAYS.—*Petitions.—Sufficiency.*—A highway petition must be signed by twelve freeholders, six of whom reside in the immediate neighborhood of the highway proposed to be located, or vacated, but such facts need not be alleged in the petition. *Conaway* v. *Ascherman,* 94 Ind. 187, overruled. p. 151.

2. HIGHWAYS.—*Petition.—Description of Location.*—A description of a proposed highway, sufficiently definite to enable a surveyor to locate it, is all the law requires. p. 152.

3. HIGHWAYS.—*Petitions.—Owners or Occupants Affected.*—A petition naming certain persons as the owners or occupants of lands through which the proposed highway shall pass, sufficiently shows that the named persons are all of such owners or occupants. p. 152.

4. HIGHWAYS.—*Drains.—Petitions.—Amendment on Appeal to Circuit Court.—Jurisdiction.*—The circuit court, on appeal from the board of commissioners, may permit the amendment of a highway or drainage petition, even to the changing of the route, or as to a jurisdictional matter. p. 152.

5. APPEAL.—*Harmless Error.—Amending Highway Petition on Appeal.—Decision Favoring Appellant.*—A remonstrant is not harmed by an amendment to a highway vacation petition, on appeal to the circuit court, where the decision of the trial court is against such vacation. p. 153.

6. HIGHWAYS.—*Appeal to Circuit Court.—Questions Litigable.—Appeal.*—Remonstrants for damages, in a highway case, before the board of commissioners, who have raised no other question before such board, can raise no other question on appeal to the circuit court, and if they are permitted to raise other questions, errors assigned thereon will be disregarded on appeal from the circuit court. pp. 153, 156.

7. JUDGMENT.— *Jurisdiction.— How Questioned.— Highways.—* Where the want of jurisdiction in a highway case appears upon the face of the record, such question may be raised at any time. p. 155.

8. HIGHWAYS.— *Appeal from Board.— Questions Presentable.—Statutes.*—Under §7793 Burns 1908, Acts 1905, p. 521, §123, providing that highway appeals shall be tried *de novo* as to any issue tried, or that might have been tried, before the board, being declaratory of the prior rule laid down by the Supreme Court, only such matters as were presented by the issues in a highway case, before the board, can be tried on appeal to the circuit court. p. 155.

9. HIGHWAYS.—*Remonstrance Against Public Utility of.—Who May File.—Freeholders.*—A foreign corporation owning land over which a proposed highway is located, under §7657 Burns 1908, Acts 1905, p. 521, §9, giving to any "freeholder of, and residing in," the county a right to remonstrate on account of the public inutility of such highway, has no right to remonstrate, since it is not a "freeholder of, and residing in" such county. p. 156.

10. APPEAL.—*Issues.—Parties.*—An appellant cannot raise questions on appeal as to instructions, or rulings, on issues to which he was not a party. p. 156.

11. APPEAL.— *Harmless Error.— Favorable Verdict.*— Erroneous rulings are harmless, where the issue involved was decided in favor of appellant. p. 156.

12. HIGHWAYS.—*Evidence.—Viewers' Reports.—Failure to Introduce.*—A verdict in favor of the public utility of a proposed highway and for damages, is not unsupported by the evidence, merely because the viewers' reports were not introduced in evidence, the statute (§7793 Burns 1908, Acts 1905, p. 521, §123) requiring only that such report, on appeal to the circuit court, shall be considered in evidence, and therefore such report was in evidence though not formally introduced. p. 157.

From Clark Circuit Court; *H. C. Montgomery,* Judge.

Highway proceeding by Laura M. Jones and others, against which the Aetna Life Insurance Company and another remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*George H. D. Gibson* and *J. K. Marsh,* for appellants.
*E. C. Hughes,* for appellees.

MONKS, J.—This proceeding was brought by appellees in 1906, before the Board of Commissioners of the County of Clark, for the location of a new highway and for the vacation of the old highway described in the petition. Such proceedings were had that judgment was rendered by said board

establishing and vacating said highways, as asked for in said petition, and for damages in favor of certain remonstrators. From this judgment the remonstrators appealed to the circuit court, where a trial of said cause resulted in a verdict, and, over a motion for a new trial by the Aetna Life Insurance Company and Charles E. Iliff, a judgment establishing said proposed highway, and ordering that said established highway be not vacated. Two of the remonstrators for damages, the Aetna Life Insurance Company and Charles E. Iliff, appeal from said judgment of the court below to this court.

It is first insisted by appellants that the petition is insufficient, because it does not allege facts showing: "(1) That six or more of the petitioners reside in the immediate neighborhood of the portion of the highway sought to be vacated; nor does it show that six or more of the petitioners reside in the immediate neighborhood of the highway proposed to be located; (2) that the beginning, course and terminus of the proposed location and vacation are not sufficiently fixed and certain; (3) that it does not appear that the persons named in the petition are all of the owners, occupants or agents of all the lands over which the highway proposed to be located, and the highway proposed to be vacated passed."

In proceedings to establish or vacate highways in this State, the statutes have uniformly required that the petition should be signed by twelve freeholders of the county,

1. six of whom shall reside in the immediate neighborhood of the highway proposed to be located or vacated (§7649 Burns 1908, Acts 1907, p. 443, §1), but it has been held that it was not necessary to the sufficiency of the petition that said facts be alleged therein. *Hall* v. *McDonald* (1908), 171 Ind. 9, and cases cited; *Brown* v. *McCord* (1863), 20 Ind. 270; *Kellogg* v. *Price* (1873), 42 Ind. 360, 362, 363; *Washington Ice Co.* v. *Lay* (1885), 103 Ind. 48, 51, 52, and cases cited; *Huff* v. *City of LaFayette* (1886), 108 Ind. 14, 19, and cases cited. Anything in *Conaway* v.

*Ascherman* (1884), 94 Ind. 187, 190, to the contrary is over-ruled.

The description of the line of the proposed highway is reasonably certain, and this is sufficient, because technical accuracy is not required. A description which is sufficiently definite to enable a surveyor to locate the highway is all the law requires. *Wells* v. *Rhodes* (1888), 114 Ind. 467, 470; *Adams* v. *Harrington* (1888), 114 Ind. 66, 72. Under this rule the description of the highway to be vacated is clearly sufficient.

The petition sets out the names of a number of persons who are alleged to be the owners, occupants or agents of the lands through which said proposed highway and the highway to be vacated pass. There is nothing in said petition showing that it does not contain the names of all such owners, occupants or agents. It is not, therefore, insufficient for the third reason assigned. *Houpt* v. *Dutton* (1908), 170 Ind. 69, 71, 72. It is evident that said objections to the petition are not tenable.

After the trial had commenced the court permitted appellees to amend that part of the petition which described that part of the old highway sought to be vacated so as to make more definite and certain the description thereof. Appellants insist that the court erred in permitting said amendment to be made.

It is well settled by the decisions of this court that the circuit court may properly permit the amendment of the petition in highway and drainage cases pending on appeal in that court, even to the changing of the route or as to a jurisdictional matter. *Burns* v. *Simmons* (1885), 101 Ind. 557, 558, and cases cited; *Coolman* v. *Fleming* (1882), 82 Ind. 117, 121, 122, and cases cited; *Metty* v. *Marsh* (1890), 124 Ind. 18, 21; *McKeen* v. *Porter* (1893), 134 Ind. 483, 485; *Wilcox* v. *City of Tipton* (1896), 143 Ind. 241, 246, 247; *Harris* v. *Millege* (1898), 151 Ind. 70, 73, 74; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 484.

Moreover, if the court erred in permitting said amendment, the same did not prejudice any of the substantial rights of the remonstrators, because the verdict, and judgment of the court, were in their favor, as to the old highway sought to be vacated—"that said established highway be not vacated."

At the conclusion of the evidence-in-chief on the part of the petitioners in the court below, the remonstrators moved that the court instruct the jury to return a verdict for the remonstrators, which motion was overruled by the court. The theory on which said instruction was asked was that the evidence showed that the highway proposed to be vacated ran through a tract of land owned by Owen school township, on which there was a schoolhouse, and that neither the owner, occupant nor agent of said land was named in the petition, nor had any notice of said proceedings been given to the owner, occupant or agent of said land, and that therefore the court had no jurisdiction of said proceedings.

Complaint is made of instructions one and two, given by the court on its own motion, and of instructions three, nine and ten, given on the request of appellees. Said instructions were all on the question of the public utility of the proposed highway and of the highway to be vacated.

Appellants also complain of the refusal of the court to give instructions eight and nine, requested by them. Instruction eight informed the jury that the law requires that the petition to establish or vacate a highway shall state the names of all the owners or occupants of the land through which said highway runs, and that if the jury find from the evidence "that the names of all the owners or occupants of the land through which said highway proposed to be vacated runs" are not set out in the petition or notice, they should find for the remonstrators, and said highway should not be vacated, "and that if they find from the evidence that the names of any of the landowners remonstrating against the

establishing of said proposed highway or for damages are not set out in the petition or notice that they should find in favor of said remonstrators that said road shall not be laid out and established as a public highway.'' Said instruction nine, refused by the court, was in regard to the question of public utility of the highway sought to be vacated.

It is settled by many decisions of this court that nothing can be tried on appeal from the board of commissioners, except what was put in issue before the board, and it is equally well settled that objections to facts upon which the jurisdiction of the board depends, not apparent on the face of the record, can only be taken by appearing before the board of commissioners and making such objection at the time the petition is presented and before the appointment of viewers; and if such objections are not so presented they cannot be raised afterwards either before the board or in the circuit court on appeal. *McKaig* v. *Jordan* (1909), 172 Ind. 84, and cases cited; *Gifford* v. *Baker* (1902), 158 Ind. 339, 343, and cases cited; *Gifford* v. *Board, etc.* (1903), 160 Ind. 654, 658, 659, and cases cited; *Houpt* v. *Dutton, supra; Kinzer* v. *Brown* (1908), 170 Ind. 81, 83, 84; *Green* v. *Elliott* (1882). 86 Ind. 53, and cases cited; *Breitweiser* v. *Fuhrman* (1882), 88 Ind. 28, 31, 32, and cases cited; *Forsythe* v. *Kreuter* (1885), 100 Ind. 27, 29; *Lowe* v. *Ryan* (1884), 94 Ind. 450, 452, and cases cited; *Kelley* v. *Augsperger* (1908), 171 Ind. 155; *Forsyth* v. *Wilcox* (1895), 143 Ind. 144, 147, and cases cited; *Wells* v. *Rhodes, supra,* and cases cited; *McKee* v. *Gould* (1886), 108 Ind. 107, 111, and cases cited; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 446, 447 and cases cited; *Schmied* v. *Keeney* (1890), 72 Ind. 309, 313, and cases cited; *Williamson* v. *Houser* (1907), 169 Ind. 397, 402, and cases cited; *Fancher* v. *Coffin* (1908), 41 Ind. App. 489, 491, and cases cited; *Plew* v. *Jones* (1905), 165 Ind. 21, 25, and cases cited; *Strayer* v. *Taylor* (1904), 163 Ind. 230, 235, and cases cited.

But want of jurisdiction over the particular case, when apparent on the face of the record, may be first raised on appeal. *Plew* v. *Jones, supra.*

Section 7793 Burns 1908, Acts 1905, p. 521, §123, under which this proceeding was brought, provides: "Except as otherwise provided in this act, any person aggrieved by any decision of the board of commissioners of any county, in any proceeding in relation to highways, may appeal therefrom. * * * Such appeal shall be tried *de novo,* and may be had as to any issue [tried], or that might have been tried, before the county board." The last clause, "or that might have been tried, before the county board." only authorizes the trial of such issues on appeal from the board of commissioners as might have been tried under issues made before the board. It in noway authorizes the trial of questions or issues on appeal not made or presented to the board of commissioners. *Williamson* v. *Houser, supra; McKaig* v. *Jordan, supra; Kelley* v. *Augsperger, supra; Kinzer* v. *Brown, supra.* The provision in §7793, *supra,* heretofore set out, is a mere enactment of the rule declared by this court as to what questions are triable on appeal from the board of commissioners in such cases.

In this case said Aetna Life Insurance Company and said Iliff did not present or raise any question before the board of commissioners, by remonstrance, answer or other pleadings, as to the sufficiency of the petition, or as to the jurisdiction of the board, on the ground that the name of the owner, occupant or agent of any tract of land, through which said proposed highway, or the highway to be vacated, passed, was not set out in the petition, and no such objection or defect was apparent on the face of the petition or the record.

Appellant life insurance company, as shown by its remonstrance for damages, was a foreign corporation, and not a "freeholder of and residing in such county," and had there-

fore no right under §7657 Burns 1908, Acts 1905, p. 521, §9, to file a remonstrance raising the question of public utility. The only question presented or raised by said appellant insurance company or said appellant Iliff before the board of commissioners was by filing remonstrances for damages. The only question, therefore, involved in this case in the court below under the authorities cited, upon which the jury had to pass, so far as these appellants were concerned, was the amount of said appellants' damages. *Fisher* v. *Hobbs* (1873), 42 Ind. 276, 277; *Turley* v. *Oldham* (1879), 68 Ind. 114, 116, 117; *Daggy* v. *Coats* (1862), 19 Ind. 259. It is evident, therefore, that they cannot complain of any instruction given or refused upon the question of public utility, or as to the instructions refused upon the question of whether the petition named "all the owners or occupants of the land over which said highway proposed to be located, or the highway to be vacated, passed," because no such issue or question was presented or raised by appellants before the board of commissioners. Said instructions were concerning questions and issues to which they at least were not parties, and of which they had, therefore, no right to complain. Even if the court erred in giving said instructions or in refusing to give those requested, such errors are not available to appellants. Besides, it will be observed that it was the highway to be vacated which ran through the schoolhouse lot owned by Owen school township, and the verdict and judgment of the court below were that said highway be not vacated. In other words, the verdict and judgment were for the remonstrators as to the highway to be vacated. Therefore the action of the court, in giving or refusing to give any instructions concerning the questions as to the highway sought to be vacated, did not prejudice the rights of any of the remonstrators, because the verdict and judgment upon that issue were in their favor. No reversible error was committed by the court in giving to the

jury instruction one, requested by appellees, on the subject of the issues to be tried.

Appellants insist that the evidence "is insufficient to sustain the verdict, because appellees failed to put in evidence and have considered by the jury" the report of the 12. viewers appointed by the board of commissioners to view the proposed highway and the highway to be vacated, and the report of the viewers appointed by said board to assess damages as provided in §7793, *supra*. Said section does not require that said reports be given in evidence, but only provides that they "shall be considered in evidence on such appeal." They were in evidence, therefore, whether formally introduced or not. *McKaig* v. *Jordan, supra*.

No available error appearing in the record, the judgment is affirmed.